UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                                  Case No. 03-32063

TERRY MANUFACTURING
COMPANY INC.,

    Debtor.


GEORGIA LAWYERS INSURANCE
COMPANY,

    Plaintiff,                                              Adv. Pro. No. 05-3033

v.

DELONG, CALDWELL, NOVOTNY,
& BRIDGERS, LLC, et. al.

    Defendants.


## MEMORANDUM DECISION

On February 22, 2006, the Court entered an Order raising *sua sponte* the question of whether it has subject matter jurisdiction over this Adversary Proceeding. (Doc. 48).

## I. FACTS

The Trustee brought suit against Earnest H. DeLong, Jr., and DeLong, Caldwell, Novotny & Bridgers, LLC, in Adversary Proceeding 04-3135, seeking to recover

attorney's fees paid by Terry Manufacturing. The Trustee alleges fraudulent conveyance and preferences theories of recovery. On March 14, 2005, the Court granted the Trustee leave to amend his complaint, adding a claim for attorney malpractice. (Adv. Pro. 05-3135, Doc. 24). The Trustee was granted leave to amend his complaint a second time on July 25, 2005. (Adv. Pro. 05-3135, Doc. 78).

This proceeding was brought by Georgia Lawyers Insurance Company against the DeLong Caldwell firm and the Trustee in the United States District Court for the Middle District of Alabama, under Civil No. 05-CV-385. In this Adversary Proceeding, Georgia Lawyers seeks a declaration that its insurance policy does not cover DeLong, Caldwell for any liability it may have to the Trustee on the first proceeding. Georgia Lawyers has joined the Trustee as a party to this second proceeding. On May 10, 2005, the District Court referred the second proceeding to this Court. This Court has opened a second adversary proceeding on this second matter and assigned it Adversary Proceeding No. 05-3033. There is now a pending motion for summary judgment filed by Georgia Lawyers in Adversary Proceeding 05-3033, which is set for hearing on April 25, 2006. (Doc. 36).

## II. DISCUSSION

In the Order dated February 10, 2006, the Court raised the question *sua sponte* whether it had subject matter jurisdiction over this second adversary proceeding and

invited the parties to brief the matter. (Doc. 48). Both the Trustee and Georgia Lawyers have filed briefs addressing the issue of subject matter jurisdiction.[1] (Docs. 51, 52).

Section 1334 jurisdiction requires that there be some nexus between the bankruptcy case and the related action.[2] Walker v. Commercial Credit Corp., 192 B.R. 260, 266 (M.D. Ala. 1996). An action is "related to" a bankruptcy case if "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The Proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." Miller v. Kemira (In re: Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990)(quoting Pacor v. Higgins, 743 F.2d 984, 944 (3rd Cir. 1984); In re: Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999)("[t]he key word in the *Lemco Gypsum / Pacor* test is "conceivable," which makes the jurisdictional grant extremely broad); see also Walker v. Commercial Credit Corp., 192 B.R. 260, 266.

Both the Trustee and Georgia Lawyers are in agreement as to the legal standard to be applied and are consistent in their showing of how this second adversary proceeding could conceivably impact the bankruptcy estate. Specifically, the Trustee argues that the estate will be affected because: 1) the Trustee has been named as a party to the litigation and Georgia Lawyers has specifically requested a declaration that the estate does not have a valid claim against its policy; 2) in the event that the Trustee prevails in a suit

---

[1] Neither Earnest DeLong nor DeLong, Caldwell, Novotny & Bridgers LLC, submitted a brief on the issue of subject matter jurisdiction.
[2] None of the parties involved in this Adversary Proceeding have argued that this second adversary proceeding either "arises under" or "arises in" a case under Title 11. 28 U.S.C. § 1334(b).

against the DeLong parties, and the Court does not grant the declaratory relief sought by Georgia Lawyers, the Trustee will likely seek to collect against the Georgia Lawyers' insurance policy; 3) it is likely that any judgment the Trustee may obtain against the DeLong parties can only be satisfied by the Georgia Laywers' insurance policy; and 4) the only source for payment of the claims of the creditors of Terry Manufacturing is recovery from litigation filed by the Trustee.

The Court had reservations whether it had subject matter jurisdiction over this Adversary Proceeding. Both the Trustee and Georgia Lawyers contend that the outcome of this Adversary Proceeding could conceivably have an impact on the bankruptcy estate of Terry Manufacturing. Upon its consideration of the briefs and the collective bases for jurisdiction asserted by both the Trustee and Georgia Lawyers, the Court finds that it has subject matter jurisdiction.

The Court at this time also determines that this is not a core proceeding. See 28 U.S.C. § 157(b). "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding." Continental National Bank of Miami v. Sanchez (In re: Toledo), 170 F.3d 1340, 1348 (11th Cir. 1999)(quoting Wood v. Wood (In re: Wood), 825 F.2d 90 (5th Cir. 1987)). Because this proceeding does not involve a substantive right created by federal bankruptcy law and because this action seeking a declaration as to the coverage of an insurance policy is one that could exist outside of bankruptcy, this is not a core proceeding. 28 U.S.C. §§ 157(c)(1) and (2).

Done this 24th day of April, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Esq.
   Simeon F. Penton, Esq.
   Jerry A. Buchanan, Esq.
   Ernest H. Delong Jr., Esq.